**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

|   |   |
|---|---|
| Cosha Hayes,  Plaintiff, v.  Upstate Management Services, LLC; and DOES 1-10, inclusive,  Defendants. | Civil Action No.: 3:13-cv-00163  JUDGE:  MAGISTRATE JUDGE: |

**COMPLAINT**

For this Complaint, the Plaintiff, Cosha Hayes, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Cosha Hayes ("Plaintiff"), is an adult individual residing in Baton Rouge, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Upstate Management Services, LLC ("Upstate"), is a New York business entity with an address of 80 State Street, Albany, New York 12207, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Upstate and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Upstate at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Upstate for collection, or Upstate was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Upstate Engages in Harassment and Abusive Tactics

12. Within the last year, Defendants placed calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

13. Defendants placed calls to Plaintiff's cellular telephone [xxx-xxx-4451] by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

14. Defendants left multiple pre-recorded voicemails on Plaintiff's cellular telephone.

15. Plaintiff never provided her cellular number to Defendants and never provided her consent to be contacted on her cellular telephone.

16. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. During Defendants' communications with Plaintiff, Defendants failed to disclose they were debt collectors calling in an attempt to collect a debt.

19. Instead, Defendants identified themselves as "carriers" and threatened to serve Plaintiff with papers at her residence or place of employment.

20. During subsequent telephone conversations with Plaintiff, Defendants stated they were in possession of video footage of Plaintiff going into a store and taking out the loan, and accused the Plaintiff of committing fraud.

21. Defendants also confirmed with Plaintiff that they knew the make and model of her vehicle, and threatened to seize it for non-payment of the Debt.

22. Out of fear, Plaintiff made a $50.00 payment on the Debt to Defendants.

23. A few days later, Defendants placed approximately eight (8) calls in an effort to harass Plaintiff into making another payment.

24. Defendants subsequently left Plaintiff a voicemail which stated that Defendants were currently on their way to Plaintiff's house, and furthermore, Plaintiff would need to have two forms of identification ready and on hand to be served papers.

25. Later that same day, Plaintiff spoke with Defendants and requested written correspondence from Defendants before she would make an additional payment to Defendants.

26. Defendants replied by yelling at Plaintiff and calling her stupid.

27. Moreover, Defendants failed to send Plaintiff any written correspondence informing Plaintiff of her rights under Federal law, including her right to dispute the Debt.

**C. Plaintiff Suffered Actual Damages**

28. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

29. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

30. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

34. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and legal status of the Debt.

36. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with seizure of her property if the Debt was not paid.

37. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

38. The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

39. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

40. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

41. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

42. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

43. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

44. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

47. Defendants placed calls to Plaintiff's cellular telephone using prerecorded voice knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

48. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

49. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

50. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

52. Louisiana further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Louisiana state law.

53. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls and frequent unintended threats.

54. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Louisiana law requirements for an invasion of privacy.

55. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

56. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

58. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

59. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Louisiana.

60. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);
6. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 14, 2013

Respectfully submitted,

By: ___*/s/ Kenneth D. McLean*_____
Kenneth D. McLean, Esq. (LSB No. 30190))
THE McLEAN LAW FIRM, LLC
P.O. Box 38161

8

Germantown, TN 38183-0161
Telephone: (901) 326-6888
Facsimile: (901) 531-8102
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424